LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America



ORIGINAL

FILED
DISTRICT COURT OF GUAM

DEC 26 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARNEL MAVERICK NIEVA, <br><br> Defendant. | CRIMINAL CASE NO. 07-00100 <br><br> GOVERNMENT'S MOTION TO FILE RESPONSE TO DISCOVERY ORDER UNDER SEAL <br> ~~SEAL~~ *ACH* |

On December 21, 2007, this Honorable Court directed the government to file an explanation concerning why it had not provided discovery to defense. The government gave the defense full discovery concerning this particular incident on December 19, 2007, Exhibit 1 refers. The United States hereby moves this Honorable Court for an order allowing it to file its response to its Order under seal. The government makes this motion because there are two pending investigations which would be seriously compromised if the matters in that memorandum were made public.

RESPECTFULLY SUBMITTED this 26th day of December, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney



**U.S. Department of Justice**

*United States Attorney*
*District of Guam*

Sirena Plaza, Suite 500     (671) 472-7332
108 Hernan Cortez Avenue    FAX: (671) 472-7334
Hagatna, Guam 96910

December 19, 2007

Cynthia Ecube
Suite 3, Travel Pacificana Bldg.
207 Martyr Street
Hagatna, Guam 96910

Re: <u>United States v Arnel Maverick Nieva</u>, Cr. No. 07-00100

Dear Cynthia,

I apologize for not giving you a plea offer and discovery earlier. I have been involved in a collateral investigation concerning your client, which is still on-going. Note that the plea offer does NOT give him relief from other crimes which he may have been involved in. It concerns only his felon in possession charges. Note also, the serial number had been obliterated from the Smith & Wesson, but the lab was able to raise the serial number. John Quintanilla tells me that the Smith & Wesson was reported stolen from the Port Authority in 2000, and that the owner of the .25 left island, but gave it to his nephew, who sold it to someone other than your client.

Enclosed is the following:

1) Initial report by Officer Amaguin re stop, arrest;
2) Two-page report by Frank Lujan, and declaration of probable cause;
3) Advice of rights, which your client refused to sign;
4) GPD property custody reports concerning the .25 Raven Arms and the $7,000 in your client's pocket;
5) Report by Officer Leon Guerrero concerning discovery of the .9mm Smith & Wesson, and property custody receipts;
6) ATF reports by S/A Sedberry and John Quintanilla, who determined the interstate nexus for these firearms and ammunition;
7) Certified copies of Nieva's conviction for Robbery I and Possession of Stolen Property II;
8) Fingerprint cards from the Washington authorities;

**GOVERNMENT EXHIBIT**

Cynthia Ecube
December 19, 2007
Page 2

9) Report by criminalist Julie Paulino re examination of the fingerprint card taken here against the print cards from Washington;

10) Report filed by your client, and written statement, concerning the theft of $20,000 from the trunk of his car.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

_____
KARON V. JOHNSON
Assistant United States Attorney

nieva.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00100 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| ARNEL MAVERICK NIEVA, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ARNEL MAVERICK NIEVA, agrees to the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of an Indictment charging him with Felon in Possession of Firearms, in violation of Title 18, United States Code, Section 922(g). The government will move to dismiss Count II at sentencing.

2. The defendant, ARNEL MAVERICK NIEVA, understands that the **maximum** sentence for Felon in Possession of a Firearm is a term of five (5) years imprisonment, a $100,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such term of imprisonment. Defendant understands that if he violates a condition

of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3. If defendant pleads guilty as set forth in Paragraph 1, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

4. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Felon in Possession of a Firearm as charged pursuant to 18 U.S.C. § 922(g), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a firearm;
>
> Second: the firearm had been shipped in interstate of foreign commerce; and
>
> Third: at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1964, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and

therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Defendant was convicted in 1986 for Robbery in the First Degree, Superior Court of Washington for King County Case No. 86-1-02346-8, and in 1989 for two counts of Possession of Stolen Property, Superior Court of Washington for King County Case No. 89-1-06042-2. All three of these offenses were punishable by a prison term of more than one year. On June 29, 2007, he knowingly possessed two firearms: a Raven Arms, model MP-25, .25 caliber pistol, SN 1086334, and a Smith & Wesson model 5906, 9mm caliber pistol, with an obliterated serial number. Both firearms had been shipped in interstate commerce.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

-3-

Case 1:07-cr-00100   Document 19   Filed 12/26/2007   Page 6 of 8

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//
//
//

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: _____

ARNEL MAVERICK NIEVA
Defendant

DATED: _____

CYNTHIA V. ECUBE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: _____        By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: _____

JEFFREY J. STRAND
First Assistant U.S. Attorney